NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| SCOTT WARREN SULIK, : <br> : <br> Petitioner : <br> : <br> v. : <br> : <br> DAVID E. ORTIZ, : <br> : <br> Respondent : | Civ. Action No. 21-14335 (RMB) <br><br><br> **OPINION** |

BUMB, Chief United States District Judge

This matter comes before the Court upon Petitioner Scott Warren Sulik's ("Petitioner") petition for a writ of habeas corpus ("Petition") under 28 U.S.C. § 2241, arguing the Federal Bureau of Prisons ("BOP") improperly encumbered funds in Petitioner's inmate trust fund account and prevented him from making payments toward his criminal monetary penalties through the Inmate Financial Responsibility Program ("IFRP"). (Pet., Dkt. No. 1.) For relief, Petitioner seeks the release of his encumbered funds, to allow him to pay his criminal monetary penalties according to his IFRP agreement. (*Id.*) Respondent filed an answer in opposition to habeas relief. (Answer, Dkt. No. 4.) For the reasons set forth below, the Court denies the petition for writ of habeas corpus.

I.   BACKGROUND

On June 8, 2018, Petitioner pled guilty in the United States District Court, Eastern District of Kentucky to one count of cyberstalking, in violation of 18 U.S.C. § 2261A(2). *See United States v. Sulik*, No. 18-cr-19, (E.D. Ky.), Dkt. No. 23 (hereinafter "*Sulik*, 18-cr-19"). On

September 7, 2018, Petitioner was sentenced to 48 months imprisonment, followed by a 3-year term of supervised release. (*See* Declaration of Corrie Dobovich ("Dobovich Decl."), Dkt. No. 4-2; Attach. C (Judgment and Conviction Order, *Sulik*, 18-cr-19, Dkt. No. 4-3 at 9-13.) The district court also assessed a criminal monetary penalty of $100 and directed payment of the penalty as a lump sum payment of $100 due to be paid immediately. (Dobovich Decl., Dkt. No. 4-2; Attach. C, Dkt. No. 4-3 at 14-15.)

On February 13, 2019, a jury convicted Petitioner of possessing a visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252 (a)(4)(B). *See United States v. Sulik*, No. 18-cr-20 (E.D. Ky.), Dkt. No. 52 (hereinafter "*Sulik*, 19-cr-20"). On May 24, 2019, Petitioner was sentenced to 57 months imprisonment, followed by a 15-year term of supervised release. (*See* Dobovich Decl., Dkt. 4-2; Attach. D (Judgment and Conviction Order), *Sulik*, 19-cr-20, Dkt. No. 4-3 at 17-22.) The district court also imposed criminal monetary penalties of a $100 assessment, a $5,000 JVTA[1] assessment, and a $1,500 fine and directed payment of the penalties as a lump sum payment of $6,600 due to be paid immediately. (Dobovich Decl., Dkt. No. 4-3; Attach. D., Dkt. No. 4-3 at 23-24.)

On November 13, 2020, the United States Attorney's Office for the Eastern District of Kentucky sent a request to the Warden of the Federal Transfer Center Oklahoma City[2], requesting the BOP encumber Petitioner's inmate trust fund account up to Petitioner's outstanding debt balance of $6,500 from his criminal case *Sulik*, 18-cr-20. (*See* Declaration of Kimberly Edney ("Edney Decl.") ¶ 8, Dkt. No. 4-4 at 3; Attach. A (Nov. 13, 2020 email to BOP-ADM/Trust Fund Lockbox), Dkt. No. 4-5 at 2.) On December 14, 2020, Petitioner was

---

[1] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
[2] Federal Transfer Center Oklahoma City is an administrative security institution, designed to house holdover inmates and other inmates in transit to other facilities. (Edney Delc. ¶ 8 n.1, Dkt. No. 4-4.)

transferred to FCI Fort Dix, along with the November 13, 2020, encumbrance request. (Edney Decl. ¶ 9, Dkt. No. 4-4 at 3; Attach. B (Inmate History ADM-REL), Dkt. No. 4-5 at 4.) Thereafter, on December 15, 2020, Trust Fund staff at FCI Fort Dix placed an encumbrance of $1,741.01 on Petitioner's inmate trust fund account. (Edney Decl. ¶ 10, Dkt. No. 4-4; Attach. C (TRUFACS Inmate Transactions), Dkt. No. 4-5 at 9.) At the time the encumbrance was placed on Petitioner's inmate trust fund, his balance was $1,756.01. (*Id.*)

II.  DISCUSSION

    A.  The Petition

On July 29, 2021, Petitioner filed the instant Petition seeking the release of the encumbered funds in his inmate trust fund account so he can pay his criminal monetary penalties according to his signed IFRP. (Petitioner, Dkt. No. 1 at 7.) Petitioner argues that the encumbrance should be removed because he signed an IFRP agreement and was adhering to making his required payments. (*Id.* at 6.) Plaintiff submits that he was not able to sign the IFRP agreement until he arrived at FCI Fort Dix because he was held in transfer prior to his arrival, and the funds in his account are a result of the fact that he was limited in his spending when he was in transit and there were COVID-19 restrictions in place at the prison. (*Id.* at 6-7.) The Petition indicates that any administrative remedies were futile, as the encumbrance was court ordered and not the result of a BOP decision. (*Id.* at 6.)

    B.  The Answer

Respondents contend that (1) Petitioner failed to exhaust his administrative remedies; (2) the Petition is moot because the funds are no longer encumbered; and (3) Petitioner's voluntary participation in the IFRP defeat any challenge to his payment calculation.[3] (*See*

---

[3] Petitioner did not file a response to the Government's answer.

3

Answer, Dkt. No. 4.)

1. The BOP's IFRP policy

The Inmate Financial Responsibility Program, 28 C.F.R. §§ 545.10 and 545.11, is a voluntary work program instituted by the BOP and intended to encourage "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. Among those "legitimate financial obligations" are the payment of "[c]ourt-ordered restitution" and "[f]ines and court costs." 28 C.F.R. § 545.11(a). As part of the initial classification process, staff assist the inmate in developing a financial plan for meeting those obligations, and at subsequent program reviews, staff consider the inmate's efforts to fulfill those obligations as indicative of that individual's acceptance and demonstrated level of responsibility. (Answer, Dkt. No. 4 at 6-7, citing BOP Program Statement ("P.S.") 5380.08.)[4] To develop an inmate's financial plan, the inmate's Unit Team will: (1) determine the total funds deposited into the inmate's trust fund account for the previous six months; (2) subtract the IFRP payments made by the inmate during the previous six months; and (3) subtract $450 (i.e., $75 × 6 months, phone exclusion, to allow inmates to communicate under the Inmate Telephone System ("ITS") ). (*Id.* at 7-8.)

The BOP establishes inmate trust fund accounts to maintain inmate monies while they are incarcerated. (*Id.* at 8, citing P.S. 4500.01.) An encumbrance is a transaction that temporarily places a hold on an inmate's available trust fund account balance. (Edney Decl. ¶ 6, Dkt. No. 4-4 at 2, citing P.S. 4500.12 at 9.) An encumbrance may take place for a number of reasons, including to ensure that inmates do not seriously deplete their funds before release, as a disciplinary measure, at an inmate's request, or as a result of a claim. (*Id.*, citing P.S. 4500.12 at 71, 87.) Encumbrances are at the warden's discretion or the result of a disciplinary

---

[4] BOP Program Statements are available at https://www.bop.gov/resources/policy_and_forms.jsp

hearing sanction or notification of a pending Federal court order. (*Id.*, citing 4500.12 at 71.) When specifically requested, institutions and the BOP's Trust Fund Branch have the discretion to encumber funds for which claims are made. (*Id.*, citing 4500.12 at 87.)

2. Petitioner's IFRP History

On December 15, 2020, the FCI Fort Dix Trust Fund staff encumbered Petitioner's inmate trust fund account, in accordance with the request from the United States Attorney's Office for the Eastern District of Kentucky that the funds be encumbered based on Petitioner's outstanding criminal monetary penalties owed in *Sulik*, 18-cr-20. (Answer, Dkt. No. 4 at 9, citing Edney Decl. ¶¶ 7-10, Dkt. No. 4-4 at 2-3; Attach. A (Nov. 13, 2020 email to BOP-ADM/Trust Fund Lockbox), Dkt. No. 4-5 at 2; Attach. B (Inmate History ADM-REL), Dkt. No. 4-5 at 4; Attach. C (TRUFACS Inmate Transactions), Dkt. No. 4-5 at 9.)

On March 25, 2021, FCI Fort Dix presented Petitioner with a financial plan, and he agreed to participate in the IFRP and executed a contract agreement to pay $25.00 per month to satisfy his financial obligations. (Answer, Dkt. No. 4 at 10; Dobovich Decl., Dkt. No. 4-2; Attach. F (March 2021 Inmate Financial Plan), Dkt. No. 4-3 at 35-36.) Under the terms of the agreement, payments would commence during the month of April 2021. (*Id.*) On May 14, 2021, Petitioner modified the financial plan and executed a new contract agreement to pay $25.00 quarterly, to satisfy his financial obligations. (Answer, Dkt. No. 4 at 10; Dobovich Decl., Dkt. No. 4-2; Attach. G (May 2021 Inmate Financial Plan), Dkt. No. 4-3 at 38-39.)

On October 14, 2021, the United States Attorney's Office for the Eastern District of Kentucky sent a request to the BOP's Central Office, Trust Fund Branch attaching a federal court order issued in *Sulik*, 18-cr-20. (Answer, Dkt. No. 4 at 10, citing Edney Decl. ¶ 11, Dkt. No. 4-4 at 3-4; Attach. D (October 15, 2021 Email and Court Order), Dkt. No. 4-5 at 11-13.)

The order directed the BOP to "immediately turn over the funds in Defendant Scott Sulik's inmate trust fund account to the Clerk of the Court for the Eastern District of Kentucky," in partial satisfaction of Petitioner's criminal monetary obligation in *Sulik*, 18-cr-20. (*See* Edney Decl. ¶ 11, Dkt. No. 4-4 at 3-4; Attach. D (October 15, 2021 Email and Court Order), Dkt. No. 4-5 at 13.) On October 15, 2021, BOP's Central Office Trust Fund Branch forwarded the request and court order to FCI Fort Dix for processing. (*See id.*)

    C.  Analysis

Article III of the Constitution permits a federal court to adjudicate "'only actual, ongoing cases or controversies.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). The case or controversy requirement requires the parties to have a personal stake in the outcome throughout the judicial proceedings. *Id.* (quoting *Lewis*, 494 U.S. at 477–478)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477.)) A petition under § 2241 becomes moot when the alleged injury is no longer redressable by a favorable judicial decision. *Id.*

In his habeas petition, Petitioner challenges the BOP's encumbrance on his inmate trust fund account and seeks the removal of the encumbrance in order to begin making payment on his criminal monetary penalties. However, subsequent to Petitioner's filing of the instant petition, the BOP lifted the encumbrance on Petitioner's inmate trust fund account. (Answer, Dkt. No. 4 at 11, citing Edney Decl. ¶ 14, Dkt. No. 4-4 at 4; Attach. C (TRUFACS Inmate Transactions), Dkt. No. 4-5 at 9; Attach. E (Inmate Encumbrance Report), Dkt. No.

4-5 at 11.) On October 15, 2021, pursuant to the order from the United State District Court, Eastern District of Kentucky, the encumbrance of $1,741.01 was released from Petitioner's trust fund account. (*Id.*) At that time, a withdrawal from Petitioner's account in the amount of $1,765.86 was initiated and a check was written and sent to the Clerk of the Court for the Eastern District of Kentucky as directed in the district court order. (Answer, Dkt. No. 4 at 11, citing Edney Decl. ¶ 15, Dkt. No. 4-4 at 4; Attach. F (Inmate Withdrawal Details Report), Dkt. No. 4-5 at 17.) The challenged encumbrance has been lifted. As such, Petitioner's alleged injury is no longer redressable by a favorable decision from this Court. *Spencer*, 523 U.S. at 7. The habeas petition is moot and will be dismissed as such.

III.   CONCLUSION

For the reasons discussed above, the Court will dismiss the habeas petition as moot.

An appropriate Order follows.

Date: <u>February 6, 2023</u>

>                    s/Renée Marie Bumb
>                    **RENÉE MARIE BUMB**
>                    **CHIEF UNITED STATES DISTRICT JUDGE**